UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MISTY LYNN HARRIS,

      Plaintiff,

      v.

FRANK BISIGNANO, Commissioner of Social Security,

      Defendant.

Case No.  2:25-cv-1000-JDP (SS)

ORDER

Plaintiff challenges the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Benefits Income ("SSI") under Titles II and XVI of the Social Security Act.  Both parties have moved for summary judgment.  ECF Nos. 10 & 12.  For the reasons discussed below, the court grants plaintiff's motion, denies the Commissioner's, and remands for further proceedings.

**Standard of Review**

An Administrative Law Judge's ("ALJ") decision denying an application for disability benefits will be upheld if it is supported by substantial evidence in the record and if the correct legal standards have been applied.  *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  "'Substantial evidence' means more than a mere scintilla, but less than a

1

preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process, the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

**Background**

In 2016, plaintiff filed applications for a period of disability, DIB, and SSI, alleging disability beginning November 4, 2014. Administrative Record ("AR") 174-75. Her applications were denied initially and upon reconsideration. AR 105-08, 110-14. After holding a hearing, the ALJ issued a decision finding that plaintiff was not disabled. AR 15-26, 34-68. Plaintiff requested review by the Appeals Council, which denied the request. AR 1-6.

Plaintiff then sought judicial review in this court, and, on January 31, 2020, the court remanded the case for further administrative proceedings. AR 985-86. On remand, a different ALJ held an administrative hearing and subsequently issued a decision finding plaintiff was not

disabled. AR 993-1008. Plaintiff then filed written exceptions to that decision.[1] AR 1195-98. The Appeals Council assumed jurisdiction and remanded the case to the ALJ with instructions to properly evaluate the medical opinion evidence. AR at 1019-20. After holding another hearing, the ALJ issued a decision on November 17, 2023, again finding that plaintiff was not disabled. AR 888-905, 940-62. Specifically, the ALJ found:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2018.

2. The claimant has not engaged in substantial gainful activity since November 4, 2014, the alleged onset date.

3. The claimant has the following severe impairments: cervical degenerative joint disease status post fusion; lumbar degenerative disc disease; migraines; left shoulder mild degenerative joint disease; carpal tunnel syndrome; anxiety; and depression.

    * * *

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

    * * *

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the individual can lift 20 pounds occasionally, 10 pounds frequently; stand, walk, or sit for 6 out of 8 hours each; frequent ramps or stairs; no ladders, ropes, or scaffolds; only occasional stoop, kneel, crouch, or crawl; occasional overhead reaching; frequent handling and fingering; no work at heights; no work involving operational control of dangerous moving machinery. This individual would be able to perform simple,

---

[1] When an ALJ issues a decision after remand from the district court, the plaintiff has thirty days to file exceptions with the Appeals Council, asking that the Appeals Council review the ALJ's decision. 20 C.F.R. §§ 404.984(b), 416.1485(b). Even where the plaintiff declines to file exceptions, the Appeals Council may, within sixty days, *sua sponte*, assume jurisdiction of the case. *Id.* "If no exceptions are filed and the Appeals Council does not assume jurisdiction of [the] case, the decision of the administrative law judge becomes the final decision of the Commissioner after remand." 20 C.F.R. §§ 404.984(d), 416.1484(d).

3

routine, and repetitive tasks; sustain concentration for 2-hour increments; can sustain that pace for normal work day and week. The individual is able to relate to and accept direction from supervisors, can remain socially appropriate with coworkers and the public without being distracted by them, would be able to respond to routine changes in the workplace, and set realistic goals independently.

* * *

6.  The claimant is unable to perform any past relevant work.

* * *

7.  The claimant was born [in] 1974, and was 40 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date.  The claimant subsequently changed age category to closely approaching advanced age.

8.  The claimant has at least a high school education.

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework support a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

* * *

11. The claimant has not been under a disability, as defined in the Social Security Act, from November 4, 2014, through the date of this decision.

AR 891-905 (citations to the code of regulations omitted).

Plaintiff filed written exceptions to the ALJ's decision, but the Appeals Council declined to assume jurisdiction, leaving the November 17, 2023 decision as the final decision of the Commissioner.  AR 867-69.

4

**Analysis**

Plaintiff raises four different arguments in favor of remand, though the first has several facets. First, she contends that the ALJ failed address her combination of impairments, namely: (1) her chronic migraines; (2) her chronic pain syndrome; and (3) her fibromyalgia, chronic fatigue, and lupus. Also included with this set of arguments is plaintiff's claim that the ALJ did not provide a mental residual functional capacity that complies with the regulations.

Second, plaintiff argues that the ALJ failed to properly evaluate the medical source opinions and, in so doing, failed to comply with instructions from the Appeals Council.

Third, plaintiff contends that the ALJ did not meet her burden at step five. She notes that she identified three jobs she could perform: cashier, marker, and cleaner. Plaintiff claims the ALJ was required to pose hypotheticals and to ascertain how many jobs in those categories can be performed without the operation of "dangerous machinery."

Fourth, plaintiff claims that the ALJ failed to provide clear and convincing reasons to discount her subjective testimony.

For the reasons stated below, I find that the ALJ failed to adequately address plaintiff's chronic migraine impairment and will remand for additional proceedings on that basis. In so doing, I find it unnecessary to consider the other arguments insofar as none of them, if credited, would militate in favor of remand for payment of benefits.

In her decision, the ALJ discussed plaintiff's chronic migraines, but found that they were "managed with pain and other medications, including Ubrelvy, and Botox injections." AR 897. The ALJ emphasized that, despite reporting daily migraines, "the record reveals the claimant has denied headaches." *Id.* She then lists numerous cites for the proposition that plaintiff denied the issue to her providers. Many of these citations, however, unambiguously stand for the opposite proposition. For instance, provider notes from February 19, 2020, identify the migraine problem as "severe" and "recurring." *Id.* at 2030 (Cited by the ALJ as "44F/33."). Another medical record cited by the ALJ states, "[n]ow she is complaining of neck pain and headaches pretty much daily along with nausea." *Id.* at 1573 (Cited by the ALJ as "39F/169."). These treatment notes, as well

as nearly all other records cited by the ALJ, do not support the proposition that plaintiff's migraines were well managed or infrequent.[2]

There is simply no way to square the ALJ's finding that plaintiff "denied headaches" with the provider notes that indicate that her migraines were a constant and difficult to manage.  And these records undercut the ALJ's rejection of plaintiff's subjective complaints regarding headaches, which relied on the same citations.  AR 899.  Crucially, the ALJ makes no attempt to reconcile these treatment notes with her findings.  Finally, I note that the fact that plaintiff's MRI was unremarkable (a fact cited by the ALJ at AR 897, 899), is not dispositive.  Other courts have emphasized that there is, as yet, no objective medical test that can confirm a migraine diagnosis.  *See Groff v. Comm'r of Soc. Sec.*, No. 7:05-cv-54, 2008 U.S. Dist. LEXIS 68977, *23 (N.D.N.Y. Sept. 3, 2008) ("Furthermore, to place such emphasis on the absence of 'any specific evaluation or treatment' is not only a misstatement of the medical evidence, but is also a misreckoning of the elusive task a doctor faces in diagnosing this impairment as there exists no objective clinical test which can corroborate the existence of migraines.").

Because the ALJ's RFC determination is based on a mischaracterization of the medical evidence, it is not supported by substantial evidence.  *See* 42 U.S.C. § 405(g) (requiring an RFC determination to be based on substantial evidence); *Regenniter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1999) (holding that an "inaccurate characterization" of the evidence cannot serve as substantial evidence supporting the ALJ's conclusion); *Pin v. Berryhill*, No. 2:15-

---

[2] Several records cited for the proposition that plaintiff did not complain about headaches to her providers instead indicate that her migraines were an oft-reported and intractable health issue. *See, e.g.*, AR 1592 (handwritten provider notes appear to read "[b]ad headaches, recurring every day or every other day . . . .); AR 1824 (notes indicate that headaches are "mod to severe, affecting her sleep quality and daytime functioning, Daily, constant."); AR 2134 (provider notes indicate that plaintiff's Botox treatments were not entirely successful.  In relevant part: "Patient is here for Botox injections for headaches.  She is having an increasingly difficult time.  Pain waxes and wanes in intensity.  Medications less helpful . . . . Patient gets more than 15 headaches per month lasting more than 4 hours."); AR 2206 (provider notes indicate that "she receives Botox injections for her daily migraines.  She reports minimal relief with the injections."); AR 2231 (provider notes state that "[s]he reports neck, back, shoulder pain, migraine most days"; and while plaintiff acknowledges that Botox helped manage her migraines, she claims they had become "more persistent.").

cv-2450-EFB, 2017 WL 1166138, at *7 (E.D. Cal. Mar. 29, 2017) (holding that the ALJ's finding was not supported by substantial evidence because it was based on mischaracterizations of evidence). The court finds that the ALJ's misstatements of the record evidence weigh in favor of a remand for additional proceedings. In so doing, the court recognizes that this will be the second time a district court has remanded an administrative decision adverse to plaintiff, *see* ECF No. 12 at 2, and, thus, there is more reason than in most cases to consider whether remand for payment of benefits is appropriate. Nevertheless, remand for additional proceedings is appropriate, unless the district court determines that further proceedings would serve no useful purpose. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."). And the court cannot say that no useful purpose would be served here. Plaintiff's medical records are, at this point, voluminous, but because the ALJ failed to properly consider how plaintiff's migraines impact her ability to work, the court is unable to determine, based on the present record, whether plaintiff is disabled. *See Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014) ("In particular, we may remand on an open record for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.").

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 10, is GRANTED.

2. The Commissioner's cross-motion for summary judgment, ECF No. 12, is DENIED.

3. The matter is remanded for further proceedings consistent with this order.

4. The Clerk of Court is directed to enter judgment in plaintiff's favor and close this case.

IT IS SO ORDERED.

Dated:    March 20, 2026                      _____
                                              JEREMY D. PETERSON
                                              UNITED STATES MAGISTRATE JUDGE

7